**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4200
_____


GEORGE MARSHALL,
                              Appellant

v.

PENN TOWNSHIP, PENNSYLVANIA, a political subdivision;
CHIEF MICHAEL MASTROIANNA, an individual; LIEUTENANT
RALPH BOURA, an individual; OFFICER WILLIAM T.
SUPANCIC, an individual; OFFICER WILLIAM G. SUPANCIC,
an individual;  DETECTIVE SERGEANT ANTHONY PECORA,
an individual
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-08-cv-00090)
District Judge: Honorable Francis X. Caiazza
_____

Submitted Under Third Circuit LAR 34.1
Argued October 26, 2011

Before:   FISHER, VANASKIE and ROTH, *Circuit Judges*

(Filed: January 24, 2012)

_____

OPINION OF THE COURT
_____

VANASKIE, *Circuit Judge.*

George Marshall appeals the District Court's determination that Marshall could not assert federal civil rights claims of false arrest and malicious prosecution for the first time in a brief submitted in connection with cross-motions for summary judgment. Discerning no error in the District Court's decision, we will affirm.

I.

On January 22, 2008, Marshall commenced an action in the United States District Court for the Western District of Pennsylvania to recover damages for injuries purportedly arising out of his arrest by officers of the Penn Township Police Department on January 22, 2005.[1] Marshall was subsequently prosecuted for disorderly conduct and resisting arrest. The disorderly conduct charge was dismissed following a preliminary hearing. Marshall was acquitted of the resisting arrest charge following a jury trial.

The Complaint filed in this action contained five separate Counts. The first and final count, (Count I and a mis-numbered Count VI), were asserted only against Penn Township. Count I sought relief under 42 U.S.C. § 1983, asserting liability on the part of the municipality for "failing to properly train and supervise the Defendant police officers . . . with regard to appropriate interaction with the public without causing the deprivation of constitutional rights," and "failing to properly train and supervise the Defendant police officers with regard to the duty to provide reasonable medical treatment." (A. 33-34.) The mis-numbered Count VI asserted a claim against Penn Township for the purported

---

[1] As we write primarily for the parties, our recitation of the factual background of this case is limited to those matters necessary to our decision.

"assault and battery" arising from the allegedly improper use of tasers. (A. 38.) Count II was brought against Chief of Police Michael Mastroianna for failure to properly train the members of the Penn Township Police Department in the proper use of force and in the necessity to provide reasonable medical treatment. (A. 36.) Count III was brought against Officers Ralph Boura, Anthony Pecora and William T. Supancic "for their wilful, wanton and malicious use of excessive force under the color of law that deprived Plaintiff of constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution." (A. 36.) Finally, Count IV asserted a claim against officers William T. and William G. Supancic for their alleged failure to obtain appropriate medical treatment for Marshall. (A. 37-38.)

Following the completion of discovery, cross-motions for summary judgment were filed. In a Memorandum Opinion filed on October 6, 2009, the District Court held that Marshall had "waived the right to have the Court consider . . . claims [of false arrest and malicious prosecution] as he failed to raise them in his Complaint, and did not file an amended complaint."[2] (A. 23.) With respect to those claims presented in the Complaint, the District Court granted the defense motion for summary judgment on all claims other than the excessive force claim made against Officers Boura, Pecora and William T. Supancic. A bench trial was conducted on the excessive force claim, with the District Court finding in favor of the three police officers.

_____

[2] Although the District Court Memorandum Opinion was filed on October 6, 2009, the Order denying Marshall's summary judgment motion and granting in part the defense summary judgment motion was filed on September 30, 2009.

Final judgment was entered on September 28, 2010, and this appeal followed. Marshall presents as the sole issue on appeal whether the District Court erred in finding that Marshall had waived claims of false arrest and malicious prosecution by failing to assert them until briefing on the cross-motions for summary judgment.[3]

## II.

The District Court had jurisdiction over Marshall's civil rights claims under 28 U.S.C. §§ 1331 and 1343, and had supplemental jurisdiction over his state-law tort claim asserted against Penn Township under 28 U.S.C. § 1367. We have appellate jurisdiction under 28 U.S.C. §§ 1291. Both Marshall and the Appellees assert that our review of the District Court's waiver determination is plenary, and we have no need to consider whether a more deferential standard of review is applicable here because, following *de novo* review, we are in complete agreement with the District Court holding.

"It is one thing to set forth theories in a brief; it is quite another to make proper allegations in a complaint." *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Indeed, "legal theories set forth in [the Plaintiff's brief] are helpful only to the extent that they find support in the allegations set forth in the Complaint." *Id.*

As the District Court recognized in this matter, Marshall's Complaint gave no intimation that he was pursuing civil rights claims of false arrest and/or malicious prosecution. An essential element of both a false arrest and a malicious prosecution claim is the absence of probable cause. *See McKenna v. City of Phila.,* 582 F.3d 447, 461

---

[3] It should be noted that the summary judgment briefs have not been included in the Appendix.

(3d Cir. 2009) (an essential element of a section 1983 malicious prosecution claim is that the criminal proceeding "was initiated without probable cause"); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988) ("The proper inquiry in a section 1983 claim based on false arrest . . . is . . . whether the arresting officers had probable cause to believe the person arrested had committed the offense."). Nowhere in Marshall's ninety-four-paragraph complaint is the phrase "probable cause" mentioned. Moreover, the fact that the resisting arrest charge brought against Marshall proceeded to trial following a preliminary hearing would at least suggest the existence of probable cause for that charge.[4] Accordingly, the Complaint did not give any Defendant fair notice that Marshall was pursuing false arrest or malicious prosecution claims.

This conclusion is buttressed by a consideration of the Introductory Statement to the Complaint, which asserts:

> On [January 22, 2005], Officers Boura, William T. Supancic, and Anthony Pecora unlawfully assaulted and battered Mr. Marshall to the extent that he required hospitalization. Mr. Marshall also brings an Action for damages against the Chief of Police, as the supervisory officer responsible for the conduct, training and supervision of police officers under his charge, for his failure to properly train police officers in the appropriate methods of dealing with the public and the use of force.
>
> Mr. Marshall also brings this action against Officers William T. Supancic and William [G.] Supancic for having deprived him of his constitutional right to necessary medical treatment.

---

[4] It should be noted, however, that this would not establish a presumption of probable cause. *See Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 789 (3d Cir. 2000).

> Mr. Marshall also brings this action against the Township of Penn, Pennsylvania, as the ultimate policy maker for the Penn Township Police Department.

(A. 25-26.) Nothing in this introductory statement suggests that any Defendant effected the arrest of Marshall or pursued the prosecution of charges of disorderly conduct and resisting arrest without probable cause.

Contrary to Marshall's assertion, the mere fact that the Complaint asserted that Defendants' actions had violated his Fourth Amendment right to be free from an unreasonable seizure of his person does not suffice to give fair notice that he was pursuing false arrest and/or malicious prosecution claims. The constitutional peg for a civil rights claim based upon a police officer's purported use of excessive force is the "unreasonable seizure" element of the Fourth Amendment. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) ("An excessive force claim under § 1983 arising out of law enforcement conduct is based on the Fourth Amendment's protection from unreasonable seizures of the person."). A plaintiff may not assume that all possible Fourth Amendment-related civil rights claims that may arise out of a particular incident or series of incidents is covered by the phrase "unreasonable seizure." Because the Complaint gave no notice whatsoever of either a "malicious prosecution" or "false arrest" claim – indeed the phrases "malicious prosecution" and "false arrest" are not included in the Complaint – the District Court properly found that such claims could not be asserted for the first time in a brief submitted in connection with the parties' cross-motions for summary judgment.

III.

6

For the forgoing reasons, we will affirm the District Court's judgment.